**John PITTSER, Appellant (Employee-Claimant),**

**v.**

**NATRONA COUNTY ROAD & BRIDGE, Appellee (Employee-Respondent).**

**No. 87–78.**

Supreme Court of Wyoming.

Aug. 6, 1987.

Donald L. Painter, Casper, for appellant.

Eric A. Easton, Casper, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

MACY, Justice.

This is an appeal from an order dismissing the claim of appellant John Pittser for benefits provided under the Wyoming Worker's Compensation Act for nontrau-

matic mental injury arising from his employment with appellee Natrona County Road & Bridge.

We affirm.

The only question to be considered by this Court is whether or not appellant presented sufficient evidence to demonstrate that he was entitled to benefits for nontraumatic mental injury.

■ In *Graves v. Utah Power & Light Company*, Wyo., 713 P.2d 187, 193 (1986), this Court held that:

"A worker seeking compensation for nontraumatic mental injury must show that the injury was caused by workplace stress of greater magnitude than the day-to-day mental stresses experienced by other workers employed in the same or similar jobs."

It is incumbent upon a claimant to introduce some evidence of the usual stresses experienced by other workers. Id. at 194.

■ The district court dismissed appellant's claim because he "failed in his burden of proving unusual workplace stress, in that [appellant] did not introduce evidence regarding stress generally encountered by workers in the same or similar industry." Although appellant did present testimony which described in some detail his mental injury and workplace stress and which attributed these to specific incidents at work, he did not introduce any comparative-stress evidence. Given the total absence of evidence of usual workplace stress, the district court did not err in granting appellee's motion to dismiss.

Affirmed.

URBIGKIT, J., filed a dissenting opinion.

URBIGKIT, Justice, dissenting.

My perception of human behavior and the anatomy of disability has not been altered by any more recently acquired information or by the present opinion of this court. For the reasons stated in dissent in *Graves v. Utah Power & Light Company*, Wyo., 713 P.2d 187 (1986), I will now also dissent from this decision constituting a benefit denial of a job-related mental injury.